# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| James P. Wood, | |
|                Plaintiff, | Civil No. 3:24-cv-01394 (JAM) |
| v. | |
| New Haven D.O.C. *et al*., | November 18, 2024 |
|                Defendants. | |

## RECOMMENDED RULING ON PLAINTIFF'S
## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 15)

## I.    INTRODUCTION

The plaintiff, James P. Wood, is an inmate who was formerly incarcerated at the New Haven Correctional Center ("NHCC").  He filed a complaint in this court, complaining about his treatment by prison officials.  (Compl., ECF No. 1.)  He later moved for leave to proceed *in forma pauperis*, or "IFP" – in other words, he asked for permission to begin his case without pre-paying filing and administrative fees.  (ECF No. 11.)

The Clerk of the Court assigned Mr. Wood's case to United States District Judge Jeffrey A. Meyer.  In the District of Connecticut, however, motions for leave to proceed IFP are reviewed in the first instance by a United States Magistrate Judge.  *See* United States District Court for the District of Connecticut, *Guide for Self-Represented Litigants*, at 6 ("[T]he motion to proceed in forma pauperis . . . will be reviewed by a Magistrate Judge.").  When a motion deserves to be granted, the Magistrate Judge will typically be the one to grant it.  *See, e.g.*, *Ambrose v. Guadaramma*, No. 3:24-cv-00926 (VAB) (TOF), 2024 WL 2836228, at *2 (D. Conn. May 31,

1

2024).  But when an IFP motion deserves to be denied, the Magistrate Judge will ordinarily only recommend denial to the District Judge, rather than deny it himself.  *See, e.g., Manson v. Caron*, No. 3:24-cv-00876 (MPS) (TOF), 2024 WL 3159030, at *1 (D. Conn. June 25, 2024).  This is because Magistrate Judges are not generally authorized to dismiss cases, and denying an IFP motion can sometimes be "the functional equivalent of an involuntary dismissal[.]"  *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990).

To obtain permission to proceed IFP, an inmate must provide the court with a copy of his prison trust account statement, along with a prison official's certification of the statement's accuracy.  28 U.S.C. §1915(a)(2).  In this case, the signature on Mr. Wood's certification has been forged.  (*See* discussion, Sections II and III *infra.*)  This has happened in other cases in other federal district courts, and in those cases, the courts have dismissed the plaintiff's complaint as a sanction for submitting a forged document.  (*See* discussion, Section III *infra.*)  In keeping with these precedents, I recommend that Judge Meyer deny Mr. Wood's motion for leave to proceed *in forma pauperis* and dismiss his complaint.  I further recommend, however, that the dismissal be without prejudice to re-filing after payment of the required fees.

## II.    BACKGROUND

Mr. Wood entered NHCC on January 5, 2024.  (Compl., ECF No. 1, at 1.)  He alleges that he was "very sick" upon arrival, and that NHCC staff did not give him any medication for "over 4 days[.]"  (*Id.*)  When he fell in the shower and injured his knee, the staff gave him "no medical care for over 8 months."  (*Id.*)  He claims that, when he finally attended a sick call on August 19, 2024, the nurse did not give him medical care but instead induced a prison lieutenant to strip his clothes off him and throw him to the floor. (*Id.* at 1–2.)

Claiming to have been assaulted and feeling unsafe, Mr. Wood drafted a federal civil complaint on August 24, 2024. (*Id.*) The Clerk of the Court received it and docketed it on August 29, 2024. But Mr. Wood had neither paid the filing fee nor moved for leave to proceed IFP, so the Clerk advised him that he must do one or the other if he wanted his case to proceed. (Order, ECF No. 2.) She also directed him to the form he would need to fill out if he wanted to proceed IFP. (*Id.*)

Mr. Wood filed an IFP motion dated September 27, 2024, but he did not use the form to which he had been directed. His motion therefore lacked the information necessary to determine his entitlement to IFP status. (ECF No. 11.) He also neglected to provide a certified copy of his inmate trust account statement, as required under the federal IFP statute, 28 U.S.C. §1915(a)(2).

Mr. Wood then submitted a second IFP motion, this time using the District of Connecticut form. (ECF No. 15.) He stated that, "because of [his] poverty," he was "unable to pay the filing fee." (*Id.* at 1.) He explained that he had once had a prison job as a cleaner, but that he had lost it after two weeks and therefore had no regular source of income. (*Id.*) He also said that he had "zero" dollars "in cash, or in checking or savings accounts, including [his] inmate trust account" (*id.* at 2), and he attached a copy of an account statement that seemed to show a balance of $1.84 as of September 6, 2024. (ECF No. 16.) As will be discussed in more detail below, the statement was purportedly certified accurate by a counselor named "Jay Peter." (ECF No. 15, at 5.)

As noted above, prisoner IFP motions are reviewed by a Magistrate Judge in the District of Connecticut. Since December 2020, the Magistrate Judge assigned to this task has been me – United States Magistrate Judge Thomas O. Farrish. I review hundreds of prisoner IFP motions each year, including over 400 in just the first ten months of 2024. In the course of reviewing so many motions, I have become familiar with the names of the individuals who are authorized by

the Connecticut Department of Correction ("DOC") to certify the accuracy of trust account statements. Additionally, the DOC periodically provides me with a list of authorized persons, most recently on October 25, 2024.

When I reviewed Mr. Wood's IFP motion, I became suspicious that the signature on the account certification had been forged. Among the hundreds of trust account statements that I have reviewed, not even one before Mr. Wood's was certified by "Jay Peter," and there is no "Jay Peter" on the DOC's list of authorized persons. Additionally, the "Jay Peter" signature bears similarities to Mr. Wood's own signature, and the handwriting on the "name and rank" line bears similarities to Mr. Wood's handwriting as well. For example, throughout the application, when Mr. Wood wrote the letters "A" or "E" he wrote them as capital letters, no matter where the letter appeared within a word or sentence. When Mr. Wood wrote the letters "O" or "U," however, he wrote them as lowercase letters. (*See* ECF No. 15, at 3) (demonstrating Mr. Wood's unique writing style on line 10a with the words "Soups" and "CoffEE" and 10b with the word "SoAp"). "Jay Peter" wrote his name and rank in the same way. (*See id.* at 5) (demonstrating the same unique writing style with the words "JAy PEtEr" and "CounsElor").

To resolve these suspicions, I ordered Mr. Wood to show cause why the court should not regard the signature on the certification as forged. (ECF No. 18.) I also invited him to share his views on two questions: (1) If the court chooses to regard the signature as forged, whether he should be sanctioned; and (2) if the court chooses to sanction him, whether that sanction should be an order dismissing his case with prejudice and counting the dismissal as a "strike" for purposes of the so-called "three strikes provision" of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)B)(i) and 1915(g). (*Id.*) Finally, I ordered Mr. Wood to sign his response under the penalty of perjury. (*Id.*)

Mr. Wood responded to the Show Cause Order on October 26, 2024.  (ECF No. 22.)  In his response, he did not dispute that the "Jay Peter" signature was fake, nor that there is no such person at DOC.  (*See id.*)  He claims not to have been responsible for the forgery, however.  (*Id.*) ("I did not sign another persons [*sic*] name.")  Apparently, Mr. Wood claims that a *counselor* placed the fake signature on the document.  (*See id.*) (stating that he "gave the papers to the counselor" and got them back days later, and that they "looked shady" to him).  He says that "the D.O.C. lies all day" (*id.*), and his implication seems to be that a counselor put a forged signature on his trust account certification to throw sand in the gears of his lawsuit.  Mr. Wood did not address the similarity between his own handwriting and the handwriting in the fake certification, even though I had specifically directed him to do so.  (ECF No. 18.)

Mr. Wood also did not sign his response under penalty of perjury, even though I had instructed him to do that as well.  (*Id.*)  His motion is nonetheless ripe for decision.  After setting forth some basics about the IFP statute, I will explain what other courts have done when they have encountered forged account certifications.  I will then make my recommendation about what Judge Meyer should do in this case.

## III.    DISCUSSION

### A.    The *In Forma Pauperis* Statute

Typically, it costs $405.00 to initiate a civil proceeding in federal court, composed of a $350.00 filing fee and a $55.00 administrative fee.  *See* 28 U.S.C. § 1914.  A federal statute permits an inmate to commence a lawsuit without pre-paying these fees if he demonstrates that he is "unable to pay such fees or give security therefor."  28 U.S.C. §1915(a).  An inmate demonstrates inability to pay when he shows that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life."  *Adkins*

*v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (ellipsis and quotation marks omitted); *see also Rosa v. Doe*, 86 F.4th 1001, 1005 (2d Cir. 2023).

The same statute imposes procedural requirements on an inmate who seeks IFP status. First, the inmate must "submit[] an affidavit that includes a statement of all assets such prisoner possesses." 28 U.S.C. § 1915(a)(1). Second, he must "submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

The statute also authorizes courts to dismiss complaints brought by indigent inmates under certain circumstances. 28 U.S.C. § 1915(e)(2)(A) provides that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue[.]" 28 U.S.C. §1915(e)(2)(B) directs the court to dismiss the complaint if "the action . . . is frivolous or malicious . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."

### B.    Forged Trust Account Certifications

When an inmate falsifies his IFP application, courts will generally dismiss his case. In *Lay v. Justices–Middle District Ct.*, for example, a Louisiana inmate forged the signature of a prison accounts supervisor on his IFP application. 811 F.2d 285, 285 (5th Cir. 1987). The district court dismissed his case with prejudice, and the inmate appealed. *Id.* The Court of Appeals affirmed the dismissal, and it explained its basis for doing so. "In proceedings brought *in forma pauperis*, the district court has discretion to dismiss the case if the allegation of poverty is untrue." *Id.* (citing then-28 U.S.C. § 1915(d), now 28 U.S.C. § 1915(e)(2)(A)). The court noted that, "[i]n the typical case involving such a dismissal, the plaintiff has misrepresented the amount of his assets and thus

6

called into question his eligibility to proceed *in forma pauperis.*"  *Id.* at 285–86.  It then observed

that the plaintiff's "statement of his account balance appears to have been accurate and thus, in a

strict sense, his allegation of poverty was true."  *Id.* at 286.  "Despite this distinction, however,"

the court held that "section 1915(d) is broad enough to permit a district court to dismiss an action

for forgery of the signature on the affidavit attesting to such poverty."  *Id.*  "Such conduct is directly

related to the litigant's privilege to proceed at the expense of the government and the district court

has the power to ensure that this privilege is properly granted."  *Id.*

An Illinois federal court dismissed an inmate's case under similar circumstances.   In

*Shuhaiber v. Illinois*, the inmate plaintiff admitted that he forged the signature of the trust fund

officer at the Cook County Jail.  No. 1:17-cv-08438, 2018 WL 10468203, at *1 (N.D. Ill. Feb. 15,

2018), *aff'd*, 747 F. App'x 428 (7th Cir. 2019).  Citing cases from the Court of Appeals for the

Seventh Circuit, the court concluded that "[d]ismissal with prejudice is an appropriate sanction

when a plaintiff tries to deceive the district court by falsifying an IFP application."  *Id.* (quoting

*Lofton v. SP Plus Corp.*, 578 Fed. App'x 603, 604 (7th Cir. 2014)).  The court acknowledged that

"this is the most severe form of sanction for purposes of the pursuit of the lawsuit," but it held that

dismissal was nevertheless appropriate because "forgery in a filing is akin to abuse of process."

*Id.* (citing *Seacrease v. Western & Southern Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015)).  The

inmate appealed, but the Court of Appeals affirmed the dismissal because "dismissing with

prejudice is within the court's inherent discretion to sanction fraud on the court and was appropriate

given that Shuhaiber forged the trust fund officer's signature."  *Shuhaiber v. Illinois*, 747 Fed.

App'x 428, 429 (7th Cir. 2019) (non-precedential decision).

At least one court in the Second Circuit has indicated that it would agree, although perhaps

only in *dicta*.  In *Waters v. King*, an inmate failed to disclose in his IFP application that he had

received a $600 lawsuit settlement just three weeks before. No. 1:11-cv-03267 (JMF), 2012 WL 1889144, at *1 (S.D.N.Y. May 24, 2012). The court observed that "the ability to proceed IFP is a privilege, not a right," and "the court system depends on the honesty and forthrightness of applicants to ensure that the privilege is not being abused." *Id.* at *3 (quoting *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004)). It therefore dismissed the inmate's case because he "indisputably misrepresented his assets by omitting the $600 settlement check from his IFP application." *Id.* And although the case involved a factual omission rather than a forged certification, the court cited *Lay* with approval. "[D]ismissal of a complaint is appropriate when a plaintiff misrepresents his or her financial arrangements in bad faith to obtain IFP status," and "[b]ad faith . . . includes the forging of a signature on an affidavit regarding the plaintiff's inmate trust account balance, even if the allegations in the affidavit are themselves true." *Id.* (citing *Lay*, 811 F.2d at 285–86) (quotation marks and brackets omitted).

While courts seem unanimous in their conclusion that a forged account certification merits dismissal, they are less unanimous on the question of whether the dismissal should be with or without prejudice. In *Shuhaiber*, the court concluded that with-prejudice dismissal would be appropriate "because dismissal without prejudice would allow for the re-filing of the lawsuit – that is, no sanction at all." 2018 WL 10468203, at *1. In *Waters*, by contrast, the court held that "dismissal without prejudice is more appropriate than dismissal with prejudice," in part because the plaintiff would have been eligible for IFP status but for the forgery. 2012 WL 1889144, at *4; *accord Lay*, 811 F.2d at 286 ("[T]he district court's interest in protecting its integrity and the integrity of the privilege of proceeding *in forma pauperis* should be adequately served by a dismissal without prejudice or an order dismissing with prejudice only after the plaintiff has been given a period of time to pay the required fees.").

8

C.    **Application to Mr. Wood's Case**

Following these precedents, Mr. Wood's complaint should be dismissed because the signature on the trust account certification that he submitted is clearly forged.  There is no "Jay Peter" who certifies trust accounts at the DOC.  The DOC's list of authorized signers does include a correctional counselor named Geter whose first initial is J., but it is simply inconceivable that this counselor would misspell his own name.  The only plausible explanation is that someone attempted to forge Counselor Geter's signature, but misread a "J. Geter" name tag as "Jay Peter."

Mr. Wood does not dispute that the signature is forged, but he evidently claims that someone else is responsible for it.  (ECF No. 22.)  This claim should not be accepted, for several reasons.  First, only Mr. Wood had a plausible motive to falsify the form.  His suggestion that an unnamed officer forged the signature, in the hope that this Court would notice the forgery and impute it to him, can only be regarded as fanciful when one considers how many other ways a determined officer could interfere with an inmate's lawsuit; the officer could, after all, simply throw the whole lawsuit in the trash and never forward it to the court.  Second, Mr. Wood's claim fails to account for the similarities between his handwriting and the handwriting on the certification page of the IFP application.  Third, even if prison officials forged the signature, as Mr. Wood suggests (*see id.*), he is the person who submitted it.  If indeed the signature "looked shady," as he now concedes, he should not have filed it with the court.  *Cf. Shuhaiber*, 2018 WL 10468203, at *1 (holding plaintiff responsible for forged certification that he claimed was submitted by accident).  In short, Mr. Wood submitted a forged trust account certification – and when plaintiffs do that, courts routinely dismiss their cases.

The only remaining question is whether the dismissal should be without prejudice to refiling after full payment of the filing fees.  On this question, I find the *Lay* court's reasoning

persuasive, and accordingly I recommend dismissal without prejudice.  As noted, in *Lay* the Fifth Circuit concluded that "[i]n most cases, the district court's interest in protecting its integrity and the integrity of the privilege of proceeding *in forma pauperis* should be adequately served by a dismissal without prejudice or an order dismissing with prejudice only after the plaintiff has been given a period of time to pay the required filing fees."  811 F.2d at 286.  A without-prejudice dismissal "directly addresses the plaintiff's eligibility to proceed *in forma pauperis*, and is more closely tailored to the misconduct triggering the sanction."  *Id.*

**IV.    CONCLUSION**

For the foregoing reasons, I recommend that Judge Meyer deny Mr. Wood's motion to proceed IFP and dismiss his complaint.  I further recommend that the dismissal be without prejudice to refiling after Mr. Wood pays the $350.00 filing fee and the $55.00 administrative fee. If Mr. Wood does not do so within sixty days, I recommend that Judge Meyer dismiss the case with prejudice.

This is a recommended ruling by a magistrate judge. Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C).  **If the Plaintiff wishes to object to my recommendation, he must file that objection with the Clerk of the Court by December 9, 2024.** *See* Fed. R. Civ. P. 72(b)(2) (stating that objections to magistrate judge recommendations shall be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (allowing five additional days for persons who, like Mr. Wood, will receive the recommendation from the Clerk of the Court via mail); Fed. R. Civ. P. 6(a)(1)(C) (stating that, when a deadline would fall on a weekend or holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). If he fails to file a timely objection, his failure "operates as a waiver of any further judicial review[.]" *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).  In particular, failure to file a timely objection operates as a

waiver of the right to seek appellate review in the Court of Appeals. *Id.*; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6; *see also Impala v. U.S. Dep't of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).

/s/ Thomas O. Farrish

Hon. Thomas O. Farrish
United States Magistrate Judge